```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    NORTHERN DIVISION
```

JAMES RODGERS,                  :

    Petitioner,             :

v.                              :
                                       CIVIL ACTION 05-0635-CG-M
KENNETH JONES,                  :

    Respondent.             :


## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that this habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Kenneth Jones and against Petitioner James Rodgers on all claims.

Petitioner was convicted of capital murder in the Circuit Court of Dallas County on March 13, 2001 for which he received a sentence of life without parole in the state penitentiary (Doc. 4, p. 2; Doc. 13, p. 1).  Appeal was made to the Court of Criminal Appeals of Alabama which affirmed the conviction and sentence in a memorandum opinion (Doc. 13, Exhibit D).  Rodgers petitioned for a writ of *certiorari*, but the Alabama Supreme

Court denied it on May 17, 2002 (Doc. 13, Exhibit F); on that same date, the Alabama Court of Criminal Appeals issued a certificate of judgment (Doc. 13, Exhibit G).

Petitioner filed his first State Rule 32 petition on March 4, 2003 which was denied by the Dallas County Circuit Court (Doc. 13, Exhibit H, pp. 3-25, 114-20). The Alabama Court of Criminal Appeals affirmed that denial (Doc. 13, Exhibit K). The Alabama Supreme Court denied Rodgers's petition for writ of *certiorari* (Doc. 13, Exhibit M); three days later, the lower appellate court issued a certificate of judgment (Doc. 13, Exhibits N).

Petitioner filed a second State Rule 32 petition on November 1, 2004 (Doc. 13, Exhibit O, pp. 7-39). The petition was denied by the Circuit Court (*id.* at pp. 43-44), a decision which was affirmed by the Alabama Court of Criminal Appeals (Doc. 13, Exhibit R). The Alabama Supreme Court denied Rodgers's petition for writ of *certiorari* (Doc. 13, Exhibit T) and, on October 14, 2005, the Alabama Court of Criminal Appeals issued a certificate of judgment (Doc. 13, Exhibit U).

Petitioner filed a complaint with this Court on October 24,[1] 2005, raising the following claims: (1) The indictment against

---

[1] Respondent has asserted that this action was initiated on January 6, 2006 when he presented this petition for mailing to prison authorities (Doc. 13, p. 12). The evidence shows, however, that Petitioner initiated this action with the signing of his initial petition on October 24, 2005 which was filed in this Court on October 31, 2005 (Doc. 1). Petitioner was ordered by this Court, however, to complete another petition as the previous petition was on an outdated form (Doc. 3); it was this form that Respondent received and to which he refers (Doc. 4).

2

him was void; (2) the trial court was without jurisdiction to convict and sentence him; (3) his trial attorney rendered ineffective assistance in that he: (a) did not file a motion to dismiss the indictment against him on the grounds of (i) selective prosecution and (ii) its failure to allege the essential elements of the statute; (b) failed to pursue a valid, obvious defense; (c) did not allow Petitioner to testify on his own behalf; and (d) failed to request a curative instruction to the jury with regard to statements made by (i) Detective Grindle and (ii) James Edwards; (4) his appellate counsel rendered ineffective assistance in that he failed to raise an ineffective assistance of trial counsel claim with regard to his trial attorney's failure to: (a) file a motion dismissing the indictment on the grounds of (i) selective prosecution and (ii) its failure to allege the essential elements of the statute; (b) request a curative instruction to the jury with regard to statements made by (i) Detective Grindle and (ii) James Edwards; (c) raise a claim of insufficiency of the evidence; (d) request an instruction to the jury on lesser included offenses; and (e) effectively guard his rights; and 5) his conviction violated the Equal Protection Clause of the Fourteenth Amendment as well as provisions of the Alabama Constitution (Doc. 4; *cf.* Doc. 13, pp. 1-3).

Respondent has filed an answer along with exhibits (Doc. 13). Respondent admits that Rodgers has filed this action in a

timely manner (Doc. 13, pp. 10-12).  However, Respondent claims that a number of Petitioner's claims are barred by procedural default (Doc. 13, pp. 14-17).  More specifically, Respondent asserts that claims one, two, three (a & d), and four (a & b) are all procedurally defaulted (Doc. 13, p. 16).[2]

Respondent argues that claim one is procedurally defaulted because, although it was presented to the Alabama Court of Criminal Appeals for review in Rodgers's second Rule 32 petition, it was not presented to the Alabama Supreme Court (Doc. 13, pp. 13, 16).  The evidence supports this assertion (Doc. 13, Exhibits R, pp. 3-4, S).  Because Petitioner did not pursue this claim in

---

[2]The Court notes that the claim numbers do not correspond to the numbers as presented by Petitioner and repeated by Respondent as the Court reorganized the claims in a manner consistent with chronological events.  For the convenience of the parties, however, the Court will duplicate the claims in this footnote as the Court has numbered them, followed parenthetically by the claim number as raised by Petitioner.
    Petitioner has raised the following claims:  (1) The indictment against him was void (ten); (2) the trial court was without jurisdiction to convict and sentence him (nine); (3) his trial attorney rendered ineffective assistance in that he: (a) did not file a motion to dismiss the indictment against him on the grounds of (i) selective prosecution (seven) and (ii) its failure to allege the essential elements of the statute (eleven); (b) failed to pursue a valid, obvious defense (four); (c) did not allow Petitioner to testify on his own behalf (five); and (d) failed to request a curative instruction to the jury with regard to statements made by (i) Detective Grindle (thirteen) and (ii) James Edwards (fifteen); (4) his appellate counsel rendered ineffective assistance in that he failed to raise an ineffective assistance of trial counsel claim with regard to his trial attorney's failure to: (a) file a motion dismissing the indictment on the grounds of (i) selective prosecution (eight) and (ii) its failure to allege the essential elements of the statute (twelve); (b) request a curative instruction to the jury with regard to statements made by (i) Detective Grindle (fourteen) and (ii) James Edwards (sixteen); (c) raise a claim of insufficient evidence (two); (d) request an instruction to the jury on lesser included offenses (three); and (e) effectively guard his rights (six); and 5) his conviction violated the Equal Protection Clause of the Fourteenth Amendment as well as provisions of the Alabama Constitution (one).

4

a timely fashion before the Alabama Supreme Court, it is procedurally defaulted under *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) ("[W]e conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Respondent asserts that claim two was specifically found to be barred by the Alabama Court of Criminal Appeals on Rodgers's second Rule 32 petition because it had not been presented in a timely manner (Doc. 13, p. 16).  The evidence supports this assertion (Doc. 13, Exhibit R, p. 3).  Respondent further asserts that claims three (a & d) and four (a & b) are all procedurally defaulted for the same reason (Doc. 13, p. 16).  The evidence supports this assertion (Doc. 13, Exhibit R, p. 3).  It is noted that a United States Supreme Court decision, *Harris v. Reed*, 489 U.S. 255 (1989), discussed procedural default and stated that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."  *Harris*, 489 U.S. at 263, *citing Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985), *quoting Michigan v. Long*, 463 U.S. 1032, 1041 (1983).

The record supports Respondent's assertions:  claims one, two, three (a & d), and four (a & b) are all procedurally defaulted.

However, where the state courts have found claims of a petitioner to be procedurally defaulted and those courts have refused to address the merits of those claims, as is the case here, all chance of federal review is not precluded. The Eleventh Circuit Court of Appeals, in addressing the review of these claims, has stated the following:

> Under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and its progeny, noncompliance with a state procedural rule generally precludes federal habeas corpus review of all claims as to which noncompliance with the procedural rule is an adequate ground under state law to deny review. If a petitioner can demonstrate both cause for his noncompliance and actual prejudice resulting therefrom, however, a federal court can review his claims.

*Booker v. Wainwright*, 764 F.2d 1371, 1376 (11th Cir.) (citations omitted), *cert. denied*, 474 U.S. 975 (1985). A claimant can also avoid the procedural default bar if it can be shown that a failure to consider the claims will result in a fundamental miscarriage of justice. *Engle v. Isaac*, 456 U.S. 107, 135 (1982); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986).

In this action, Petitioner has demonstrated neither cause nor prejudice for failing to raise these claims in a timely manner in the State courts (*see* Doc. 20, pp. 4-5).[3] Furthermore,

---

[3]Petitioner has argued that his claims were not procedurally defaulted as noted parenthetically in the text. Nevertheless, the Court gave Rodgers until August 16, 2006 to respond (*see* Doc. 19); as of this date, however, no further response has been made.

Rodgers has not shown that this Court's failure to discuss the merit of these claims will result in a fundamental miscarriage of justice being visited upon him. Therefore, the Court considers claims one, two, three (a & d), and four (a & b) in this Court to be procedurally defaulted and the Court will not address their merit. That leaves claims three (b & c), four (c, d, & e), and five for the Court to address.

Rodgers claims that his trial attorney rendered ineffective assistance on two different grounds. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court defined the showing a habeas petitioner must make to prevail on an ineffective assistance claim:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the sixth amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Id*. at 687.

The first particular allegation of ineffective assistance of trial counsel is that his attorney failed to pursue a valid, obvious defense. Petitioner has stated that the supporting facts

are as follows:  "Trial Counsel failed to pursue a valid and obvious defense in the Petitioner's behalf when no other defense was available to the Petitioner" (Doc. 4, p. 18).  Rodgers provides no further explanation of his claim (*see, e.g.*, Doc. 20).

Petitioner raised this claim in his first Rule 32 petition as well, but the language there is no more illuminating (*see* Doc. 13, Exhibit H, p. 22).  The Circuit Court Judge, who denied the petition, stated as follows:

> "The Defendant has failed to state what the valid and obvious defense that the Defendant had in this case in which he raises in the Rule 32 petition.  The only defenses that the Defendant had in this case were self-defense and/or heat of passion.  As the Court recalls, both of those issues were raised by Mr. Whatley thoroughly."

(Doc. 13, Exhibit H, p. 116).  The appellate court adopted this language as its own (Doc. 13, Exhibit K, p. 6).

This Court, to, reaches a similar conclusion.  As Rodgers has failed to state, with particularity, what the "valid and obvious defense" was that his trial attorney failed to raise, this Court must find that he has failed to demonstrate that the defense was necessary or that his attorney failed to render it.  This claim is without merit.

The second particular claim of ineffective assistance of trial counsel is that his attorney did not allow Petitioner to

testify on his own behalf.  In addressing this issue, the Eleventh Circuit Court of Appeals has stated that "a defendant's right to testify at trial is a fundamental constitutional right personal to the defendant.  It is a right that cannot be forfeited by counsel, but only by a knowing, voluntary, and intelligent waiver by the defenant himself."  *Nichols v. Butler*, 917 F.2d 518, 520-21 (11th Cir. 1990), *aff'd on rehearing*, 953 F.2d 1550 (11th Cir. 1992) (*en banc*).

Rodgers has referenced a sworn affidavit given by his trial attorney which states as follows:

> While I do not have a copy of the trial transcript in this case and have never seen a copy of the transcript to confirm it, it is my recollection that Rodgers stated on the record outside the presence of the jury that he understood that he had a right to testify at his trial, but no one could force him to testify if he chose not to and that if he did not testify, then the state could not use that against him.  It is my standard practice to ask the trial court to put this information on the record in every case, whether the client wants to testify or not, so that it is clear that whatever the decision is, the client makes it freely and voluntarily with an understanding of what his rights are.  This should be a part of the transcript in Rodgers' case.
> In addition, I discussed this with Rodgers prior to trial and during trial, and he was in agreement with the decision to proceed in this manner.  If Rodgers wanted to testify at his trial, then I would have asked the trial court to put on the record that it was his decision to testify and that he had not been forced by anyone to testify. Rodgers understood what his rights were in this regard and it was his decision to

> proceed in the manner that we did in this case.

(Doc. 20, p. 15 (quoting Doc. 13, Exhibit H, p. 42-43)).

The Court notes that the Circuit Court Judge, who denied Petitioner's first Rule 32 petition, stated the following:

> [P]rior to resting his case[,] the Defendant told the Court on the record that he did not wish to testify in the matter.  He is now attempting to go back on what he said.  The Defendant cannot claim ineffective assistance of counsel based on hindsight.  He made his decision at trial.  Based on that and on the affidavit of Mr. Whatley the Court finds that Mr. Whatley was not ineffective for not putting the Defendant on the stand to testify in his own behalf.

(Doc. 13, Exhibit H, pp. 116-17).

The Court has reviewed the trial transcript and has not found any evidence that Rodgers, on the record, expressly waived his right to testify.  Rather, the record reflects that, at the close of the Defendant's case, his attorney merely stated that "[t]he defense rests" (Doc. 13, Exhibit A, Tr. 204). Nevertheless, it was the trial judge's and trial attorney's recollection that Petitioner specifically waived his right to testify.  The Court finds that evidence, in light of the fact that there is no evidence to the contrary except for Rodgers's assertion, to satisfactorily demonstrate that Plaintiff did waive his right to testify at trial.  Petitioner's claim otherwise is without merit.

Rodgers has also claimed that his appellate attorney rendered ineffective assistance in not raising an ineffective assistance of trial counsel claim in three particular ways.  In *Evitts v. Lucey*, 469 U.S. 387 (1985), the United States Supreme Court extended *Strickland* to the appellate level, stating that "[a] first appeal as of right therefore is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney."  *Id.* at 396.

Petitioner first claims that his appellate attorney rendered ineffective assistance in failing to claim that his trial attorney was ineffective in not raising an insufficiency of the evidence claim.  Rodgers more specifically states that "[t]he State failed to prove the essential elements of the capital offense under the provisions of the Code of Alabama 1975, Section 13A-5-40(a)(1), which states that murder is capital only when the victim is killed while in a motor vehicle" (Doc. 4, p. 17).

It should be noted that this Court, on habeas review, does not make an independent determination of whether Petitioner is guilty or innocent.  The evidence was constitutionally adequate if there was evidence presented at the trial from which a reasonable trier of fact could find Petitioner guilty beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307 (1979).  This Court further notes that all conflicts in the evidence are resolved in favor of the prosecution.  *Id*.

The code section challenged herein states as follows:  "The

following are capital offenses: . . . (17) Murder committed by or through the use of a deadly weapon while the victim is in a vehicle." Ala. Code § 13A-5-40 (17). The Court notes that Rodgers made this same claim in his first Rule 32 petition and the Circuit Court Judge who denied it stated as follows:

> The statute and no law requires that the victim actually die while in the vehicle. It is sufficient, as the facts show in this case, that the Defendant shot him while he was in the vehicle and that the shot caused his death. Though the victim may have actually died while in the hospital in an attempt to be treated from his gunshot wound fired by the Defendant, that does not prevent the defendant from being convicted of capital murder. Therefore, the Defendant's counsel was not ineffective for failing to make this argument.

(Doc. 13, Exhibit H, p. 118). The Court has reviewed the evidence from trial which proves that Rodgers shot into a car, with a pistol, and hit Adrian Richardson who later died as a result of having been shot (Doc. 13, Exhibit A, Tr. 91-182). This satisfies *Jackson* in that the evidence was sufficient to prove the elements of Ala. Code § 13A-5-40.

To the extent that Petitioner is challenging the statute, the Court notes that "state court construction of state law is binding on federal courts entertaining petitions for habeas relief." *Beverly v. Jones*, 854 F.2d 412, 416 (11th Cir. 1988), *cert. denied*, 490 U.S. 1082 (1989) (*quoting Tyree v. White*, 796 F.2d 390, 392-93 (11th Cir. 1986) (*citing Missouri v. Hunter*, 459

U.S. 359 (1983))). The Alabama Court of Criminal Appeals, on appeal of Petitioner's first Rule 32 petition, reviewed this claim and found no state law violation, a decision not disagreed with by the Alabama Supreme Court (*see* Doc. 13, Exhibits K, M). Furthermore, "a state's interpretation of its own laws provides no basis for federal habeas relief since no question of a constitutional nature is involved." *Beverly*, 854 F.2d at 416, *citing Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983). Petitioner's claim that his appellate attorney rendered ineffective assistance in not raising a claim that his trial attorney was ineffective for not raising an insufficiency of the evidence claim is without merit.

Rodgers next claims that his appellate attorney rendered ineffective assistance in that he failed to raise an ineffective assistance of trial counsel claim because the trial attorney failed to request an instruction to the jury on lesser included offenses. Petitioner specifically references Ala. Code § 13A-11-61(b), a class B felony for shooting into a vehicle (Doc. 4, p. 17).

The Court notes, however, that under Alabama common law,

> The trial court is not required to charge the jury on a lesser included offense when the evidence offered at trial points either to the guilt of the accused of the offense charged in the indictment or to his innocence. An accused is entitled to have the jury charged on a lesser included offense only where there is a reasonable theory from

13

> the evidence to support the lesser offense.

*Myers v. State*, 401 So.2d 288, 291 (Ala. Crim. App. 1981); *see also Jackson v. State*, 375 So.2d 1271 (Ala. Crim. App.), *writ denied*, 375 So.2d 1274 (Ala. 1979). This ruling, it should be noted, does not appear to be inconsistent with established eleventh circuit law. *See United States v. Sans*, 731 F.2d 1521, 1529 (11th Cir. 1984), *cert. denied*, 469 U.S. 1111 (1985); *Easter v. Estelle*, 609 F.2d 756 (5th Cir. 1980)[4] (no due process violation where state court refuses to give lesser-included offense instruction even where evidence authorizes it).

The Court finds that no reasonable theory has been furnished which would support the lesser offense (*see* Doc. 20, pp. 11-13). The evidence shows that Rodgers shot into a vehicle and hit a person who later died because he had been shot. Therefore, it can not be found that the trial judge acted wrongly in not giving a less-included charge on discharging a firearm into an automobile. Therefore, Petitioner's trial attorney was not ineffective for not requesting the lesser-included charge and his appellate attorney was not ineffective for not raising an ineffective assistance of counsel claim on this issue.

Rodger's final ineffective assistance of appellate counsel

---

[4] The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

claim is that his attorney failed to raise an ineffective assistance of trial counsel claim because his trial attorney failed to effectively guard his rights.  Petitioner's supporting facts are that "Appellate Counsel failed to raise valid issues for review on appeal when the transcript proceedings is ripe with trial counsel's ineffectiveness and falls way short of the standards by law" (Doc. 4, p. 18).  As Rodgers has failed to explain what "valid issues" were not raised, he has failed to meet his burden of proving that his appellate attorney was deficient or that his deficiency prejudiced him.  This claim is of no merit.

Petitioner's final claim is that his conviction violates the Equal Protection Clause of the Fourteenth Amendment as well as provisions of the Alabama Constitution.  The supporting facts alleged pertain to two different Alabama criminal statutes (Doc. 4, p. 16).  The first statute, Ala. Code § 13A-5-40(a)(17), has been discussed previously in this report; the second is § 13A-6-2(a)(1), which is the most basic first-degree murder charge.  As Petitioner's arguments all focus on the interpretation of Alabama law, no matter of federal concern is raised; as noted previously, "a state's interpretation of its own laws provides no basis for federal habeas relief since no question of a constitutional nature is involved."  *Beverly*, 854 F.2d at 416.  Additionally, the Court notes that although Rodgers asserts a 14th Amendment Equal Protection claim, he has provided no evidence for such.

In summary, Petitioner has raised five distinct claims in bringing this action. The Court has found claims one, two, three (a & d), and four (a & b) to be procedurally defaulted and claims three (b & c), four (c, d, & e), and five to be without merit.

Therefore, for the reasons set out, it is recommended that this habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Kenneth Jones and against Petitioner James Rodgers on all claims.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original

16

     brief submitted to the magistrate judge, although a
copy of the original brief may be submitted or referred
to and incorporated into the brief in support of the
objection.  Failure to submit a brief in support of the
objection may be deemed an abandonment of the
objection.

     A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

     DONE this 21st day of August, 2006.


                                         s/BERT W. MILLING, JR.
                                         UNITED STATES MAGISTRATE JUDGE