IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES RODGERS, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 05-0635-CG-M |
| ) | |
| KENNETH JONES, ) | |
| ) | |
|     Respondent. ) | |

## ORDER

This cause is before the court on the Report and Recommendation of the Magistrate Judge (Doc. 23), the petitioner's objection thereto (Doc. 24), and petitioner's separate "motion to reinstate certified question(s) from Federal Court to the Alabama Supreme Court." (Doc. 25). The Magistrate Judge recommended that the petitioner's § 2255 petition be denied. (Doc. 81). Upon a de novo review of those portions of the Report and Recommendation to which objection is made, the court agrees with the Magistrate Judge and finds that the petition is due to be denied. In addition, petitioner's motion to reinstate certified question(s) from Federal Court to Alabama State Court is due to be denied.

**I.      Petitioner's Objections to the Magistrate Judge's Report and Recommendation**

The Magistrate Judge entered a Report and Recommendation on August 21, 2006, recommending dismissal of all claims and that judgment be entered in favor of respondent and against petitioner on all claims. (Doc. 23). The Magistrate concluded that claims one, two, three (a & d), and four (a & b) are procedurally defaulted. (Id. at 7). Further, the Magistrate found that petitioner's remaining claims, three (b & c), four (c, d & e) and five, do not warrant relief.

1

Before addressing petitioner's objections, the court outlines the Magistrate Judge's recommendations as to petitioner's claims not subject to the procedural bar.

The remaining grounds under petitioner's third claim are raised in connection with alleged ineffective assistance of trial counsel. First, petitioner argues that trial counsel "failed to pursue a valid and obvious defense." Because petitioner neglected to articulate what the "valid and obvious defense" was, the magistrate found the claim to be without merit. Second, petitioner submits that his trial attorney did not allow him to testify on his own behalf. The Magistrate Judge determined that the evidence presented, however, is sufficient to demonstrate that petitioner did waive his right to testify at trial.

The fourth claim enumerated in the petition alleges ineffective assistance of appellate counsel in not raising an ineffective assistance of trial counsel claim. Petitioner alleges three grounds of this claim that are not subject to procedural default. First, he avers that his appellate attorney rendered ineffective assistance in not raising a claim that his trial attorney was ineffective for not advancing an insufficiency of the evidence claim. The evidence adduced at trial was deemed sufficient to prove the elements of Ala. Code § 13A-5-40; thus, the Magistrate Judge found petitioner's claim unavailing. Next, petitioner suggests that his appellate attorney rendered ineffective assistance in not raising a claim that his trial attorney was ineffective for failing to request an instruction to the jury on lesser included offenses. The Magistrate Judge determined that there is no reasonable theory which would support a lesser offense. Petitioner premises his final ineffective assistance of appellate counsel claim upon failure to raise an ineffective assistance of trial counsel claim because his trial attorney did not effectively guard petitioner's rights. The Magistrate Judge explained that petitioner's allegation falls short of

satisfying his burden of proving that his appellate attorney was deficient or that the appellate attorney's deficiency prejudiced petitioner.

Finally, petitioner claims that his conviction violates the Equal Protection Clause of the Fourteenth Amendment as well as provisions of the Alabama Constitution.  According to the Magistrate Judge, neither contention warrants relief.  Specifically, to the extent petitioner's argument pertains to Alabama law, no federal habeas relief is available.  See Beverly v. Jones, 854 F.2d 412, 416 (11th Cir. 1988)("a state's interpretation of its own laws provides no basis for federal habeas relief since no question of a constitutional nature is involved.").  Additionally, the Magistrate Judge concluded that petitioner's claim premised upon the Equal Protection Clause of the Fourteenth Amendment is devoid of support.

In response to the Magistrate Judge's Report and Recommendation, petitioner asserts a general objection, stating that the Magistrate Judge's findings "involved an unreasonable application of clearly established federal law" as well as several specific objections.  Petitioner's contention that "the State Court's procedural default ruling did not rest on adequate State grounds" is inadequate to establish that this court's failure to discuss the merits of claims one, two, three (a & d) and four (a & b) will result in a fundamental miscarriage of justice being visited upon petitioner.[1]  Petitioner also suggests that "his claims presented in State Court warranted an evidentiary hearing on the merits.  A petitioner is not entitled to an evidentiary hearing, however, "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible.'" Stano v. Dugger, 901 F.2d

---

[1] "A claimant can also avoid the procedural default bar if it can be shown that a failure to consider the claims will result in a fundamental miscarriage of justice." (Doc. 23 at 6)(citing Engle v. Isaac, 456 U.S. 107, 135 (1982); Murray v. Carrier, 477 U.S. 478, 496 (1986)).

898, 899 (11th Cir. 1990)(en banc).  Petitioner's vague allegations of ineffective assistance of trial and appellate counsel do not adequately support his burden.  Accordingly, the court agrees with the Report and Recommendation of the Magistrate Judge.

## II.   Petitioner's Motion to Certify Question to the Alabama Supreme Court

Rule 18(a) of the Alabama Rules of Appellate Procedure states:

> When it shall appear to a court of the United States that there are involved in any proceeding before it questions or propositions of law of this State which are determinative of said cause and that there are no clear controlling precedents in the decisions of the Supreme Court of this State, such federal court may certify such questions or propositions of law of this State to the Supreme Court of Alabama for instructions concerning such questions or propositions of state law, which certified question the Supreme Court of this State, by written opinion, may answer.

ALA. R. CIV. P. 18(a).

A question should be certified to the Alabama Supreme Court under Rule 18(a) "[w]hen substantial doubt exists about the answer to a material state law question upon which the case turns."  Forgione v. Dennis Pirtle Agency, Inc., 93 F.3d 758, 761 (11th Cir. 1996)(citing Mosher v. Speedstar Div. of AMCA Int'l, Inc., 52 F.3d 913, 916-17 (11th Cir.1995)).

> In order for this Court to consider a certified question from a federal court, the question must be, among other things, "determinative of [the underlying] cause." Rule 18(a), ALA. R. APP. P.; see Greene v. Massey, 384 So.2d 24, 27-28 (Fla.1980) (refusing to answer a certified question that would not be "determinative of the cause"); Committee Comments, Rule 18, ALA. R. APP. P. (noting that "Rule 18 is based upon the Florida Appellate Rules, § 4.61 [now FLA. R. APP. P. 9.150, which allows certification of a question if the 'answer is determinative of the cause']").

Palmore v. First Unum, 841 So.2d 233, 235 (Ala. 2002).

Petitioner seeks to have the following questions certified:

1.   "Under Alabama law, what was the Legislature's intent regarding the words "while" and "is" embraced in Title 13A-5-40(a)(17)[?]"
2.   Under Alabama law, what was the Legislature's sole purpose/intent

4

>  regarding the statute (13A-5-40(a)(17)) itself; it's purpose, construction, objections restrictions, etc.?

Section 13A-5-40 lists, as a capital offense, "[m]urder committed by or through the use of a deadly weapon while the victim is in a vehicle." ALA. CODE § 13A-5-40(a)(17). Petitioner's first inquiry calls into question whether the Alabama legislature intended (a)(17) to apply where a victim was shot in a vehicle, but later died resultant of the gunshot in another location. Petitioner also seems to question whether the legislature enacted (a)(17) to exclusively address random acts of violence, such as drive-by shootings.

In concluding that certification is not appropriate, this court points to the Alabama Supreme Court's denial of petitioner's writ of certiorari. (Doc. 13, Ex. M). As noted in the Report and Recommendation, "[t]he Alabama Court of Criminal Appeals . . . reviewed this claim and found no state law violation, a decision not disagreed with by the Alabama Supreme Court." The Alabama Supreme Court's denial of writ is sufficient to alleviate any doubt as to the questions regarding the application of section 13A-5-40. Therefore, petitioner's Rule 18(a) motion is due to be denied.

## **CONCLUSION**

After due and proper consideration of all pleadings in this file, and a de novo determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is adopted as the opinion of this Court.

It is **ORDERED** that this habeas petition is **DENIED** and that this action be **DISMISSED**.

In addition, for the reasons set forth in Part II of this order, petitioner's motion to

reinstate certified question(s)from Federal Court to Alabama State Court (Doc. 25) is **DENIED**.

**DONE and ORDERED** this 11th day of December 2006.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE